# United States District Court
# Northern District of Indiana

TRACY HERTEL,

       Plaintiff,

  v.

JEROME FRESE,

       Defendant.

Case No. 3:11-CV-58 JVB

## OPINION AND ORDER

Tracy Hertel, a prisoner proceeding *pro se*, filed the Complaint in this action arising under 42 U.S.C. § 1983. (DE 1.) Pursuant to 28 U.S.C. § 1915A, the Court must review the Complaint and then dismiss it if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief, or if the action is frivolous or malicious.

The Court applies the same standard in this setting as when deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. A court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Here, Plaintiff is suing Judge Jerome Frese, who presided over Plaintiff's 2008 criminal trial in St. Joseph County, after which Plaintiff was convicted of multiple drug offenses. Judge Frese is also presiding over Plaintiff's post-conviction petition currently pending in state court. The Complaint alleges Defendant violated Plaintiff's rights by presiding over a trial that was "riddled with violations of federal Constitutional law" and by imposing an "illegal" sentence, which Defendant has thus far refused to correct in the post-conviction proceedings. (DE 1 at 5, 8.) These claims cannot proceed, because Judge Frese is absolutely immune from liability to Plaintiff for Defendant's judicial actions taken in connection with Plaintiff's criminal case. *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors.").

Plaintiff also seeks to amend his Complaint to add claims against multiple defendants at Miami Correctional Facility. (DE 21.) His new claims are at bottom a challenge to the sentence imposed by Judge Frese, which included a period of probation that the judge ordered him to serve in prison. (DE 21-1 at 5-6.) As far as can be discerned, Plaintiff believes this sentencing structure is illegal, and he wishes to hold liable any prison official who has refused to accede to his demands to classify him as a probationer serving his sentence *outside* of prison. (*Id.* at 5-23.) He appears to believe that because he should be designated a probationer, the prison has no right to regulate any of his conduct, including his visitation, what he eats, where he obtains medical care, and where he chooses to seek employment. (*Id.*) The Court cannot conceive a basis for holding prison officials liable under § 1983 for implementing a sentence as ordered by a judge.

2

Furthermore, to the extent Plaintiff has any cognizable claim against a viable defendant, it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because Plaintiff's sentence remains undisturbed. Claims arising from an invalid sentence cannot be brought unless and until the underlying convictions is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at 486-87. Plaintiff is aware of *Heck*, as he filed a separate motion seeking "exemption" from the *Heck* doctrine.[1] (DE 16.) He attempts to frame his claims as pertaining to the conditions of his confinement, but they clearly challenge the validity of his convictions and sentence.

Indeed, Plaintiff previously filed a federal habeas petition challenging his 2008 convictions, but the petition was dismissed without prejudice because he had not yet exhausted his state remedies. *See Hertel v. Superintendent*, No. 3:10-CV-331-TS (N.D. Ind. filed Aug. 12, 2010). Plaintiff argued that he should be excused from exhausting because, in his view, the state post-conviction proceedings were taking too long. The Court rejected this argument, instructing him that he could not obtain federal habeas relief until the state proceedings concluded. *Id.*, DE 3. It appears that in filing the present action, Plaintiff is trying to make an end-run around this Court's ruling, as well as the requirements of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). This he cannot do, no matter how he reformulates his claims.

> Prisoners cannot avoid the AEDPA's rules by inventive captioning. . . . Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis,

---

[1] Plaintiff filed another § 1983 action against more than thirty defendants, including the prosecutor and police officers assigned to his criminal case, alleging malicious prosecution and other claims. *Hertel v. Dvorak*, 3:10-CV-009-JD (N.D. Ind. filed Jan. 6, 2010). All of the claims pertaining to his criminal case were dismissed pursuant to *Heck*, but he was allowed to proceed on one claim arising from the alleged conditions of his confinement at the St. Joseph County Jail. *Id.*, DE 13.

coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

For these reasons, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A and **DENIES** all pending motions (DE 14, 16, 18, 19, 21).

**SO ORDERED** on December 6, 2011.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE